**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JACINTHIA LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>WESBANCO BANK, INC.,<br><br>Defendant. | ) | Civil Action No. 25-cv-03402-LKG<br><br>Dated: August 28, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff, Jacinthia Lawson, brings a retaliation claim against the Defendant, WesBanco Bank, Inc. ("WesBanco"), arising from the termination of her employment, pursuant to Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002 and Title VIII of the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act"), 18 U.S.C. § 1514A. *See generally* ECF No. 1. WesBanco has moved to dismiss the complaint, upon the ground that the Plaintiff's claim is time-barred, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 8. The motion is fully briefed. *See id.*; ECF Nos. 8-1, 9 and 10. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** WesBanco's motion to dismiss (ECF No. 8) and (2) **DISMISSES** the complaint (ECF No. 1).

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings a retaliation claim against WesBanco, arising from the termination of her employment, pursuant to Section 806 the Sarbanes-Oxley Act. *See generally* ECF No. 1. In the complaint, the Plaintiff alleges that WesBanco retaliated against her, in violation of Section 806 of the Sarbanes-Oxley Act, by terminating her employment on

[1] The facts recited in this Memorandum Opinion are taken from the complaint; WesBanco's motion to dismiss, and the memorandum in support thereof; the Plaintiff's response in opposition thereto; and WesBanco's reply brief. ECF Nos. 1, 8, 8-1, 9 and 10.

December 14, 2018. *Id*. at ¶¶ 38-14. As relief, the Plaintiff seeks, among other things, reinstatement and to recover monetary damages from WesBanco. *Id.* at Prayer for Relief.

The Parties

Plaintiff Jacinthia Lawson is a resident of Maryland, and she is a former employee of WesBanco's predecessor-in-interest, Old Line Bank. ECF No. 1 at ¶¶ 2-4.

Defendant WesBanco is a bank holding company that is headquartered in Wheeling, West Virginia and conducts business in the State of Maryland. *Id.* at ¶¶ 8-9.

The Plaintiff's Employment History

As background, in March 2016, the Plaintiff was hired by Bay Bank to serve as the bank's Senior Vice President of Enterprise Risk Management and Payments. *Id.* at ¶ 23. On or about April 13, 2018, Bay Bank was acquired by Old Line Bank.[2] *Id.* at ¶¶ 3, 31.

The Plaintiff alleges that she disclosed concerns about the risks related to Old Line Bank's debit sponsorship program and warned that this program would not comply with the FDIC's regulations, during a January 17, 2018, meeting with the bank's Chief Operating Officer, Mark Semanie, Chief Risk Officer, Dannette Van Cleaf, and Senior Vice President of Operational Risk, Erin Lydanne. *Id.* at ¶¶ 33-34. The Plaintiff also alleges that, thereafter, she did not receive promised resources from the bank to support her work. *Id*. at ¶¶ 43-48.

In addition, the Plaintiff alleges that Mark Semanie misled the Board of Directors for Old Line Bank about the bank's debit sponsorship program and excluded her from Board meetings. *Id*. at ¶¶ 49-62. In this regard, the Plaintiff contends that Mr. Semanie, and others, excluded her from the Board's Risk Management Committee meetings to prevent her from disclosing the "true status of the risks facing the debit sponsorship program." *Id*. at ¶ 62.

On November 20, 2018, the Plaintiff was informed that she was being placed on administrative leave by Old Line Bank's Senior Vice President for Human Resources, Cathy Coughlin. *Id*. at ¶ 82. On December 13, 2018, Ms. Coughlin informed the Plaintiff that her employment with Old Line Bank was terminated. *Id.* at ¶¶ 86-87.

---

[2] On July 23, 2019, Old Line Bank merged with WesBanco. ECF No. 1 at ¶ 7 and 2 n.1. And so, WesBanco is Old Line Bank's successor corporation. *Id.*

The Plaintiff's Administrative Complaint

On April 2, 2019, Plaintiff filed an administrative complaint with the Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging that the termination of her employment with Old Line Bank constitutes unlawful retaliation, in violation of the Sarbanes-Oxley Act. *Id.* at ¶ 12. On November 19, 2019, the Plaintiff requested that OSHA terminate its investigation and issue a determination. *Id.* at ¶¶ 13-14. And so, on April 28, 2020, OSHA issued a decision finding no violation of the Sarbanes-Oxley Act and dismissing Plaintiff's complaint. *Id.*

On May 20, 2020, the Plaintiff requested an evidentiary hearing before the OSHA Office of Administrative Law Judges. *Id.* at ¶ 15. An evidentiary hearing was held on December 11-13 13, 2023. *Id.* at ¶¶ 15 and 16. On September 30, 2025, the administrative law judge issued a decision and order denying the Plaintiff's claim and finding that the Plaintiff "failed to establish [] that she engaged in protected activity under SOX." *See Lawson v. WesBanco, Inc.*, ALJ No. 2020-SOX-0032 (Sept. 30, 2025).

On October 14, 2025, Plaintiff commenced this civil action. ECF No. 1. The Plaintiff contends that Old Line Bank terminated her employment in retaliation for her protected activity under the Sarbanes-Oxley Act. *Id.* at ¶¶ 92, 137-40. And so, the Plaintiff seeks, among other things, reinstatement and to recover monetary damages from WesBanco. *Id.* at Prayer for Relief.

**B. Procedural Background**

The Plaintiff commenced this civil action on October 14, 2025. ECF No. 1.

On February 17, 2026, WesBanco filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 8 and 8-1.

On March 2, 2026, the Plaintiff filed a response in opposition to WesBanco's motion. ECF No. 9. On March 16, 2026, WesBanco filed a reply brief. ECF No. 10.

WesBanco's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible

when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. Relevant to the pending motion, a claim should be dismissed under Fed. R. Civ. P. 12(b)(6) as untimely, when the running of the statute of limitations "is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citation omitted); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that a limitations defense may be resolved on a motion to dismiss where the complaint "sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations") (emphasis in original).

**B. The Sarbanes-Oxley Act**

The Sarbanes-Oxley Act prohibits covered entities from discharging, or otherwise discriminating against, an employee because the employee "provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of" certain enumerated fraud statutes, "any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). An employee who alleges retaliation in violation of the Act must first file an administrative complaint with the Secretary of Labor, "not later than 180 days after the date on which the violation occurs, or after the date on which the employee became aware of the violation." 18 U.S.C. §§ 1514A(b)(1)(A), (b)(2)(D). "[I]f the Secretary has not issued a final decision within 180 days of the filing of the complaint, and there is no showing that such delay is due to the bad faith of the claimant," the employee may "bring[] an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." 18 U.S.C. § 1514A(b)(1)(B); *see* 29 C.F.R. § 1980.114(a).

Relevant to the pending motion to dismiss, the United States Court of Appeals for the Fourth Circuit has held that the statute of limitations period for bringing a claim under the Sarbanes-Oxley Act is found in 28 U.S.C. § 1658(a), which supplies a "'catchall,' or 'fallback,' statute of limitations" for federal statutes that "'create[] a cause of action but [are] silent as to the applicable limitations period.'" *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 666 (4th Cir. 2015) (quoting *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004)). Section 1658(a) provides that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). And so, the Fourth Circuit has held that "Sarbanes-Oxley Act retaliatory discharge claims are subject to the four-year statute of limitations under 28 U.S.C. § 1658(a)." *Jones*, 777 F.3d at 663.

## IV. LEGAL ANALYSIS

WesBanco has moved to dismiss this case, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the Plaintiff's Sarbanes-Oxley retaliation claim is time-barred, pursuant to 28 U.S.C. § 1658(a), because the Plaintiff filed the complaint more than four years after the termination of her employment. ECF No. 8-1 at 1-2. And so, WesBanco requests that the Court dismiss the complaint with prejudice. *Id.* at 7.

The Plaintiff counters that her Sarbanes-Oxley retaliation claim is timely, because: (1) the Fourth Circuit has not yet decided whether the Sarbanes-Oxley Act supplies a limitations period for this claim and (2) Section 1658(a) of the Sarbanes-Oxley Act does not apply to her retaliation claim. ECF No. 9 at 8-11. And so, the Plaintiff requests that the Court deny WesBanco's motion. *Id.* at 11.

For the reasons that follow, the factual allegations in the complaint make clear that the Plaintiff's Sarbanes-Oxley retaliation claim is untimely, because she commenced this civil action more than four years after the termination of her employment. And so, the Court: (1) GRANTS WesBanco's motion to dismiss (ECF No. 8) and (2) DISMISSES the complaint (ECF No. 1).

### A. The Plaintiff's Claim Is Time Barred

As an initial matter, the Court agrees with WesBanco that the Plaintiff's Sarbanes-Oxley retaliation claim is time-barred under binding precedent in the Fourth Circuit. In *Jones*, the Fourth Circuit held that "Sarbanes-Oxley Act retaliatory discharge claims are subject to the four-year statute of limitations under 28 U.S.C. § 1658(a)." *Jones v. Southpeak Interactive Corp. of*

*Del.*, 777 F.3d 658, 663 (4th Cir. 2015). The Fourth Circuit also held that this limitations period runs from the "act of retaliatory discharge." *Id.* at 666; *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (limitations period commences "at the time the [termination] decision was made and communicated to" the plaintiff).

In this case, the Plaintiff's Sarbanes-Oxley retaliation claim is based upon the termination of her employment on December 14, 2018. ECF No. 1 at ¶¶ 5, 138. Given this, the limitations period for this claim began to run on the date of the Plaintiff's alleged discharge, December 14, 2018, and this period expired on December 14, 2022. *Jones*, 777 F.3d at 663. But, the Plaintiff did not commence this civil action on October 14, 2025–well-beyond the four-year limitations period. Given this, the Plaintiff's claim is time-bared under Section 1658(a). *Id.* at 663, 666; *see also* 28 U.S.C. § 1658(a) (providing that: "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues").

The Plaintiff's arguments to show that this claim is timely are also not persuasive. The Plaintiff first argues that *Jones* is not binding precedent in this case, because the Fourth Circuit did not consider whether the Sarbanes-Oxley Act provides a statute of limitations period that is longer than four years in that case. ECF No. 9 at 7. The Court does not agree with the Plaintiff's reading of *Jones,* because the Fourth Circuit recognized in that case that the Sarbanes-Oxley Act is silent about statute of limitations that is applicable to retaliation claims brought under that Act. *Jones*, 777 F.3d at 666.

The Plaintiff's argument that the 180-day period for filing an administrative complaint under the Sarbanes-Oxley Act is a limitations period "otherwise provided by law," that precludes application of Section 1658(a) to her claim, is also unconvincing. The plain text of the Sarbanes-Oxley Act makes clear that this provision does not set a limitations period for bringing a *de novo* review action in federal court. 18 U.S.C. § 1514A(b)(1)(B) (providing that: "[I]f the Secretary has not issued a final decision within 180 days of the filing of the complaint, and there is no showing that such delay is due to the bad faith of the claimant," the employee may "bring[] an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy"). The Plaintiff's reliance upon *Stone v. Instrumentation Laboratory Co.*, 591 F.3d 239 (4th Cir.

2009), is likewise misplaced, because that case does not addresses the timing for filing a *de novo* review action under the Sarbanes-Oxley Act.

In sum, the complaint makes clear on its face that the Plaintiff commenced this civil action more than four years after he termination of her employment with Old Line Bank. Because the four-year statute of limitations under 28 U.S.C. § 1658(a) applies to the Plaintiff's Sarbanes-Oxley retaliation claim, the claim is untimely. And so, the Court GRANTS WesBanco's motion to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** WesBanco's motion to dismiss (ECF No. 8); and

(2) **DISMISSES** the complaint (ECF No. 1).

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge